NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST R. CALHOON, Attorney, | No. 24-7627 |
| Plaintiff - Appellant, | D.C. No. 5:23-cv-00600-JGB-SHK |
| v. | |
| STATE BAR OF CALIFORNIA; CALIFORNIA SUPREME COURT; LOS ANGELES COUNTY SUPERIOR COURT; CALIFORNIA COURT OF APPEAL, SECOND DISTRICT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

Ernest R. Calhoon appeals from the district court's dismissal of his claims

against the State Bar of California and Judicial Branch defendants and denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

leave to amend and of his Federal Rule of Civil Procedure 59 and 60 motions. As the parties are familiar with the facts, we need not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "We review de novo a dismissal on the basis of sovereign immunity or for failure to state a claim upon which relief can be granted." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016). The district court properly dismissed Calhoon's 42 U.S.C. § 1983 claim against the State Bar of California and Judicial Branch defendants (i.e., California Supreme Court, Courts of Appeal, and California Superior Courts) for lack of subject matter jurisdiction due to sovereign immunity. States and "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not liable under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). The State Bar "is an arm of the state and entitled to sovereign immunity" under the Eleventh Amendment. *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1032 (9th Cir. 2023) (en banc). The same is true for the Judicial Branch Defendants. *See, e.g.*, *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). As such, dismissal based on subject matter jurisdiction is proper. Thus, we need not decide whether dismissal may be affirmed on alternative failure to state a claim grounds.

2. The district court did not abuse its discretion in denying leave to amend for futility. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir.

2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . ."). Calhoon has continued to fail to explain how to overcome the sovereign immunity bar and how his Section 1983 claim is viable.

3. The district court also did not abuse its discretion in denying Calhoon's Rule 59 and 60 motions. "A Rule 59 motion for a new trial is confided to the discretion of the district court, whose decision will be overturned on appeal only for abuse of discretion." *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010); *see also In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) (same standard of review for Rule 60 motion). The district court properly concluded that Calhoon's Rule 59 motion was untimely, and it did not abuse its discretion when it denied the Rule 60 motion due to Calhoon's failure to show why he was entitled to relief from the court's judgment. *See* Fed. R. Civ. P. 59(b) (28 days); Fed. R. Civ. P. 59(e) (28 days); Fed. R. Civ. P. 60. To the extent Calhoon continues to press this issue, he raises no new, compelling reasons on appeal.

**AFFIRMED.**